**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-01695-006-TUC-JAS (EJM) |
| Plaintiff, | **ORDER** |
| v. | |
| Megan Ashlie Borges, | |
| Defendant. | |

Pending before the Court is Defendant's Appeal from Magistrate Judge's Detention Order and Motion to Set Reasonable Conditions of Release (Doc. 232). Magistrate Judge D. Thomas Ferraro held a dangerousness hearing on September 11, 2018. (Doc. 68.) Magistrate Judge Ferraro admitted the Government's Exhibits 1 through 4. *Id*. He found that Defendant poses a danger to the community and a serious risk of flight, and that no condition or combination of conditions would reasonably assure her appearance and the safety of the community. (Doc. 72.) Defendant then retained Francisco Leon, Esq. to represent her. (Doc. 121.) Through her new counsel, Defendant moved to have the Detention Order reviewed by a magistrate judge. (Doc. 188.) On December 13, 2018, Magistrate Judge Eric J. Markovich held a hearing on Defendant's motion and denied Defendant's motion. (Doc. 217.) On January 10, 2019, Defendant appealed the Detention Order. (Doc. 232.) The Court held a *de novo* hearing on January 30, 2019, and took the matter under advisement. (Doc. 257.) In addition to the hearing, the Court reviewed the parties' filings (Docs. 188, 208, 215, 216, 232, 233, 240), the transcript of the detention

hearing before Magistrate Judge Ferraro (Doc. 198), the transcript of the motion hearing before Magistrate Judge Markovich (Doc. 223), the exhibits admitted before Magistrate Judge Ferraro, and the pretrial services reports; additionally, the Court spoke with the United States Marshal's regarding Defendant's specific medical issues and reviewed a report regarding Defendant's medical condition and her treatment and treatment plan while detained.

**LEGAL STANDARDS**

This Court reviews a magistrate judge's detention order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990). It reviews the evidence before the magistrate with no deference and makes independent findings. *Id.* at 1192–93. A defendant will be detained prior to trial if the Government proves that the defendant is a serious flight risk by a preponderance of the evidence or that the defendant is a danger to the community by clear and convincing evidence, if the Government proved that the matter is eligible for a detention hearing under Section 3142(f) of Title 18 of the United States Code, and that there are no conditions that can reasonably assure defendant's appearance and safety to other person and the community. *See* 18 U.S.C. § 3142(f) and (g); *United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (per curiam); *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). Section 3142(f) of Title 18 of the United States Code, creates seven groups of cases that are eligible for detention hearings: (1) crimes of violence, violations of section 1591, or offenses listed in section 2332b(g)(5)(B) with a maximum sentence of ten (10) years or more, (2) offenses with a maximum sentence of life imprisonment or death, (3) violations of the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of Title 46 with a maximum sentence of ten (10) years or more, (4) felony allegations against a person already convicted of two or more offenses described in the three previous groups or the state or local equivalents if federal jurisdiction existed, (5) felony allegations involving a minor victim or involving possession or use of a firearm or destructive device or involving a failure to register under Section 2250 of Title 18 of the

United States Code, (6) cases in which there is a serious risk the defendant will flee, and (7) cases in which there is a serious risk that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror.

Section 3142(e) of Title 18 of the United States Code creates a rebuttable presumption in two separate types of cases. First, there is a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community" if one, the case alleges one of the following: (1) crimes of violence, violations of section 1591, or offenses listed in section 2332b(g)(5)(B) with a maximum sentence of ten (10) years or more, (2) offenses with a maximum sentence of life imprisonment or death, (3) violations of the Controlled Substances Act, the Controlled Substances Import and Export Act, or chapter 705 of Title 46 with a maximum sentence of ten (10) years or more, (4) felony allegations against a person already convicted of two or more offenses described in the three previous groups or the state or local equivalents if federal jurisdiction existed, or (5) felony allegations involving a minor victim or involving possession or use of a firearm or destructive device or involving a failure to register under Section 2250 of Title 18 of the United States Code, and two, that the judicial officer finds all of the following: (1) the defendant has previously been convicted of an offense falling into one of the previous groups or a state or local equivalent if federal jurisdiction existed, (2) the offense from the previous prong was committed while on release pending trial for an offense, and (3) the conviction or release from imprisonment for the offense from the prong one occurred less than five years ago. 18 U.S.C. § 3142(e)(2). Second, there is a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed one of the following: (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of

title 46; (B) an offense under section 924(c), 956(a), or 2332b of this title; (C) an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed; (D) an offense under chapter 77 of this title for which a maximum term of imprisonment of 20 years or more is prescribed; or (E) an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title." *Id.* at § 3142(e)(3).

Federal Rule of Criminal Procedure 59(a) provides time limits on the right to review of a Magistrate Judge's orders, either oral or written. "A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous. Failure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a). The purpose of Rule 59(a) was not to limit a district court's ability to review a magistrate judge's non-dispositive decisions but instead to provide a right to review for the parties. Fed. R. Crim. P. 59, Advisory Committee Notes (2005 Adoption). "Despite the waiver provisions, the district judge retains the authority to review any magistrate judge's decision or recommendation whether or not objections are timely filed. This discretionary review is in accord with the Supreme Court's decision in *Thomas v. Arn*, [474 U.S. 140,] 154 [1985]. *See also Matthews v. Weber*, 423 U.S. 261, 270–271 (1976)." *Id*.

When considering if any condition or combination of conditions could reasonably assure a defendant's presence or safety of community the Court looks to the following factors: the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

At a detention hearing, courts may consider evidence that would not be admissible during trial. 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3); *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986). The Court will evaluate the reliability of such evidence in light of the general principles that guide the Federal Rules of Evidence.

**FACTS**

*Personal Information Regarding Defendant*

Defendant was born and raised in Tucson, Arizona. Her family, which includes her mother, step-father, and grandmother, lives in Tucson, Arizona. Defendant has two children that resided with her until her arrest and subsequent detention. Defendant's travel outside the country is minimal.

Defendant is currently pregnant. She reports that she is at risk of preeclampsia and that her pregnancy is high risk. She will need to undergo a caesarean delivery.

*The Offense*

Defendant is accused of being a member of the Western Hills Bloods, a street gang in Tucson, Arizona. The Government accuses the Western Hill Bloods of being an enterprise engaged in racketeering. Counts 1 and 2 allege that in May 2015 Defendant and others conspired to murder and murdered a rival gang member, F.D., in furtherance of their positions within the Western Hills Bloods. Count 5 alleges that in October 2015 Defendant aided after the fact in an assault with a dangerous weapon of rival gang members and conspiracy to commit assault with a dangerous weapon of rival gang members. Counts 12, 13, and 14 allege that in October 2015 Defendant conspired to possess with intent to distribute cocaine and heroin, and possessed with the intent to distribute cocaine and heroin. Counts 16 and 17 allege that in October 2015 Defendant possessed a firearm when prohibited and in furtherance of a drug trafficking offense.

The indictment charged Defendant with a capital-eligible offense. On January 11, 2019, the Government filed a notice that it would not seek the death penalty in this case. (Doc. 234.)

*The Criminal History*

Defendant's criminal history reveals that she has been charged with failing to appear multiple times and has had to pay fines for failing to appear twice. In 2013, Defendant was convicted of trafficking in stolen property. She was sentenced to two years of probation. Defendant's probation in that matter was terminated early. In 2015, Defendant was arrested for multiple narcotic offenses. Some of the current allegations occurred while Defendant was on pre-trial release in that case. Defendant was eventually convicted of possession of narcotic drug for sale and sentenced to five years of probation. The Government stated that Defendant's state probation officer plans to petition to revoke Defendant's probation based on the items discovered during her arrest. This is the only potential violation presented to the Court. Previously, Defendant's probation officer described her as compliant with no violations to report.

*The Arrest*

Defendant was arrested on August 30, 2018. A federal search warrant was executed on the home Defendant shared with her boyfriend and her two children. In the master bedroom, officers found large amounts of cash, firearms, ammunition, marijuana, a scale, heroin, multiple luxury accessory items, and possible ledgers. According to receipts referenced by the Government before Magistrate Judge Ferraro, multiple luxury items were purchased with cash in large amounts prior to the arrest. Defendant's reported legitimate income does not explain the amount of cash or luxury items found within the home.

Defendant's boyfriend, who lived with her, is alleged to be a gang member and had a previous felony conviction. He was arrested for the items discovered during the execution of the search warrant in a separate case.

**ANALYSIS**

First, the Court shall exercise its authority to review the detention order in this matter. Additionally, the Court does not require new evidence to reopen the detention hearing, as the Court retains the jurisdiction to review the magistrate judge's decision even if objections are untimely. Fed. R. Crim. P. 59, Advisory Committee Notes (2005 Adoption); *United States v. Tooze*, 236 F.R.D. 442, 445–46 (D. Ariz. 2006).

This matter was eligible for a detention hearing as Defendant is charged with an offense for which the maximum sentence is life imprisonment or death. 18 U.S.C. § 3142(f)(1)(B). This matter also carries a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" because Defendant has been charged with, and therefore there is a probable cause to believe that she committed, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" and an offense under section 924(c).

The Court finds that Defendant's presence can be reasonably assured through condition or a combination of conditions. Defendant has rebutted the contrary presumption. She has family in Tucson, including her children, mother, step-father, and grandmother. She is currently pregnant and will require a caesarean section. She has lived here her entire life without any indication that she has attempted to flee from this jurisdiction. She has several failures to appear on her record, but the Court believes that location monitoring or other conditions could reasonably assure her appearance.

The Court finds by clear and convincing evidence that Defendant is a danger to the community and that no condition or combination of conditions can reasonably assure the safety of the community. The Court relies on Defendant's past criminal convictions for trafficking in stolen property and possession of a narcotic drug for sale, the items found in Defendant's home and bedroom at the time of her arrest, the nature of the charged offenses, and her alleged involvement in a violent street gang. The Court does not believe that the proposed third-party custodians will be effective in preventing her from continuing her bad

behaviors. The Court was highly concerned about Defendant's representations that her pregnancy is high risk and that she is not receiving proper medical care in detention. Defendant signed a privacy release form and CoreCivic provided the Court with a report summarizing Defendant's medical treatments and her available medical records. The Court has reviewed the report and medical records from CoreCivic. While this information does not necessarily impact Defendant's dangerousness if released, the Court is satisfied that CoreCivic is providing adequate medical care at the present time.

**CONCLUSION**

IT IS ORDERED that Defendant's Appeal from Magistrate Judge's Detention Order and Motion to Set Reasonable Conditions of Release (Doc. 232) is granted, in part, and denied, in part. The Court finds that Defendant shall remain detained as she presents a danger to the community that cannot be reasonably ameliorated through any condition or combination of conditions.

IT IS FURTHER ORDERED that this matter is referred back to Magistrate Judge Eric J. Markovich for pretrial proceedings in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Crim. P. 59.

Dated this 20th day of February, 2019.

Honorable James A. Soto
United States District Judge